UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HALF INTERNATIONAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2621 |
| | § | |
| SEAN BURLINGAME, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is the Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment (Doc. 75) filed by Plaintiff Robert Half International, Inc. ("RHI"). Defendants Sean Burlingame, Lane Moesser, Sara Elliott, Fred Patawaran, Kristina Gagnon (collectively, the "Individual Defendants") and Align Strategic Partners, LLC ("Align") (collectively, with the Individual Defendants, the "Defendants") filed a Response (Doc. 76) in opposition. Additionally, RHI filed the Declaration of Susan Brice (May 28, 2013, Doc. 79) and a Reply (Doc. 85) in support of its motion, and Defendants filed a Sur-Reply (Doc. 87).

Having considered the motion, the record in this case, and the applicable law, the Court concludes that the motion should be granted.

**I.      Background**

RHI is a staffing services firm engaged in the recruitment and placement of temporary, full-time, and consulting professionals with its customers. (Am. Compl. ¶ 12, Doc. 64). The firm consists of several divisions, including divisions that specialize in the placement of finance and accounting professionals and administrative support professionals. (Doc. 64 ¶ 12). Align is a recruiting firm that specializes in the placement of finance and accounting professionals, (Doc.

64 ¶ 68; Answer ¶ 68, Doc. 66), and is described by RHI as a business competitor, (Doc. 64 ¶ 67). The Individual Defendants are all former employees of RHI who, when hired, agreed to certain restrictive covenants, including prohibitions on competing with RHI and on soliciting or performing services for RHI's customers. (Doc. 64 ¶ 35; Doc. 66 ¶ 35). RHI's complaint arises from the Individual Defendants' respective actions during their termination of employment with RHI and subsequent employment with Align, including alleged violations of the restrictive covenants. (Doc. 64 ¶¶ 58-95).

On May 7, 2013, Defendants filed their Motion for Partial Summary Judgment (Doc. 69), seeking to dismiss RHI's claims for breach of contract (Count I) and tortious interference with contract (Count V) to the extent they are based on the restrictive covenants. On May 24, RHI moved for an extension of time to respond, arguing that "[t]he documents Defendants have refused to turn over in discovery are important to refuting Plaintiff's motion for summary judgment." (Doc. 75 at 1).

This discovery dispute extends back in the case's procedural history, beginning with RHI's Motion to Compel Discovery Responses (Doc. 37) filed on December 10, 2012. In that motion, RHI claimed that Defendants' responses to interrogatories and requests for production were "woefully inadequate" and "move[d] for an order compelling the defendants to serve complete discovery responses." (Doc. 37 at 1). Finding that "the discovery requests at issue … appear[ed] to be relevant to the merits of Plaintiff's claims," Magistrate Judge Frances H. Stacy ordered the parties to confer regarding those discovery requests, (Order, Jan. 14, 2013, Doc. 42); then, to address the unresolved discovery disputes, held a motion hearing on January 28, 2013, granting in part and denying in part the motion to compel, (Hr'g Tr., Doc. 53).

On April 1, 2013, RHI filed its Second Motion to Compel Discovery Responses (Doc.

61), alleging that "Align only produced two (2) more documents after this Court's Order" on the first motion to compel and that "[t]he Defendants have not produced a single page since being ordered on February 13 to produce additional documents." (Doc. 61 at 1-2). On May 10, 2013, Align filed its own Motion to Compel Discovery Responses (Doc. 71) against RHI. Both of these latter motions are pending and will be addressed when the parties appear before Magistrate Judge Stacy on July 29, 2013 for a discovery conference. (Order, May 30, 2013, Doc. 83).

## II.     Legal Standard

When one party moves for summary judgment, the nonmoving party may be granted an extension of time to respond if it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" without conducting further discovery. Fed. R. Civ. P. 56(d). In order to succeed on a Rule 56(d) motion, a party must show both (i) why additional discovery is necessary and (ii) how that additional discovery would create a genuine issue of material fact. *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001). A fact is material if it is determinative of an element essential to the outcome of the case, and such elements are defined according to the substantive law governing the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.    Discussion

The two claims at issue are for breach of contract (Count I) and tortious interference with employment contract (Count V), but only to the extent that they are based on the restrictive covenants contained in the Individual Defendants' employment contracts with RHI. Defendants claim that these covenants "fail to satisfy the requirements of the Texas Business and Commerce Code[ ] and are thus unenforceable as a matter of law. Because an unenforceable contract cannot support claims for breach of contract or tortious interference, summary judgment on those causes

of action is proper." (Doc. 69 at 16).

The relevant substantive law is the Texas Covenants Not to Compete Act, which states three general requirements for the enforceability of a restrictive covenant: (i) it must be "ancillary to or part of an otherwise enforceable agreement"; (ii) its "limitations as to time, geographical area, and scope of activity to be restrained [must be] reasonable"; and (iii) those limitations must "not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee." Tex. Bus. & Com. Code § 15.50(a). Defendants claim that the covenants lack enforceability under all three criteria, (*see* Doc. 69 at 17-41); thus, the material facts are those that must be analyzed according to these criteria.

The first, the "ancillary to or part of" requirement, is satisfied only if (i) the consideration given by the employer in the otherwise enforceable agreement is reasonably related to an interest worthy of protection and (ii) the covenant is designed to enforce the return promise made by the employee in the otherwise enforceable agreement. *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 773-75 (Tex. 2011). Interests that are "worthy of protection" include trade secrets and confidential information. *Id.* at 775. When, however, such trade secrets and confidential information are promised by the employer but never received by the employee, there is no consideration and the agreement cannot be enforced. *Powerhouse Prods., Inc. v. Scott*, 260 S.W.3d 693, 698 (Tex. App. 2008) (citing *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 647, 655 (Tex. 2006)). According to Defendants, "the evidence demonstrates that the Individual Defendants were never provided with any of Plaintiff's confidential information in return for their promises in the Restrictive Covenants. While they had access to Plaintiff's database, that database merely contained publicly available information that did not belong to Plaintiff." (Doc. 69 at 18). RHI counters by putting forth several "examples of outstanding

discovery," arguing that "these areas of proof refute[ ] certain of Defendants' assertions in their Motion for Summary Judgment, including that RHI did not provide Defendants with access to protectable confidential information that gave RHI a competitive advantage." (Doc. 79 at 2).

Ultimately, resolution of this dispute depends on the nature of the information that Defendants gained from RHI's database: if they obtained confidential information or trade secrets, then there is consideration, and the restrictive covenants satisfy at least one requirement for enforceability. Attempting to adjudicate this issue while potentially relevant discovery disputes are ongoing could well become an exercise in inefficiency and futility. Given the parties' upcoming discovery conference, prudence suggests that the summary judgment response date be delayed and determined according to the outcome of that conference.

## IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that RHI's Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment (Doc. 75) is **GRANTED**. It is further

**ORDERED** that this matter is referred to Magistrate Judge Frances Stacy for determination of RHI's deadline to respond to Defendants' Motion for Partial Summary Judgment (Doc. 69) at the July 29, 2013 discovery conference.

SIGNED at Houston, Texas, this 9th day of July, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE